IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
APR 2 6 2005
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**ADAMA CARPENTER,**

 Petitioner,

v.           Civil Action No. 1:03CV200
            Criminal Action No. 1:01CR14-3

**UNITED STATES OF AMERICA,**

 Respondent.

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On September 17, 2003, the *pro se* petitioner, Adama Carpenter, an inmate at FCI-Cumberland, Cumberland, Maryland, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This matter is pending before me for initial review and report and recommendation pursuant LR PL P 83.15.

### II. FACTS

#### A. Indictment

The petitioner was indicted by a grand jury for the Northern District of West Virginia of conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base also known as crack in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(iii) (Count One) and aiding and abetting in the possession with the intent to distribute 5 grams or more of cocaine base also known as crack in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2 (Count 18).

## B. Plea

On June 11, 2001, the petitioner signed a plea agreement in which he agreed to plead guilty to aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2 (Count 18). The plea agreement provided that the maximum penalty to which the petitioner would be exposed was a term of imprisonment of five to forty years. Further, the parties stipulated that the petitioner's total relevant conduct would not exceed 350 grams of cocaine base. Additionally, the petitioner waived his right to appeal and collaterally attack his sentence.

On June 12, 2001, the petitioner, in the presence of his counsel, in open court, entered a plea of guilty to Count 18. During the plea hearing, the Court told the petitioner that it was not bound by any of the recommendations in the plea agreement. The Court also questioned the petitioner regarding his conduct. Specifically, the Court asked the petitioner, "Did you, in fact, do what the Plea Agreement says you did with regard to the amount of the relevant drug conduct." The petitioner answered "yes." (Plea hearing transcript p. 30). He further stated he was satisfied with his attorney's representation and that his attorney did not leave anything undone. He also stated that no one had predicted what his sentence would be.

## C. Sentencing

On October 26, 2001, the petitioner appeared before the Court for sentencing. The petitioner objected to the PSI report wherein the probation officer listed the base offense level as a 34 for at least 150 grams but not more than 500 grams of crack cocaine. The petitioner asserted that he is responsible for about 120 grams. The petitioner's attorney advised the Court that he was prepared to question most of the witnesses that the probation office relied on in determining the petitioner's

2

relevant conduct. The Court advised the parties that it was not bound by the stipulation regarding relevant conduct and that such questioning could lead to the petitioner being held responsible for more than 350 grams of crack. The petitioner told the Court that he thought he was "looking at five years." However, the Court reminded him that during his plea hearing he testified that no one had promised or predicted the exact sentence he would receive, and that the Court had advised of the statutory maximum of 40 years imprisonment. The petitioner subsequently decided to withdraw his objections regarding the relevant conduct determination.

The Court determined that the petitioner's base offense level was 34 for relevant conduct involving 150 grams to 350 grams of crack, that he was entitled to a reduction of three levels for acceptance of responsibility for an adjusted offense level of 31, that he had a criminal history category of II and the sentencing guidelines provided a sentencing range of 121-151 months incarceration. The Court sentenced the petitioner to a total of 121 months incarceration.

**D. Appeal**

The petitioner's attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he argued that there were no meritorious issues for appeal but also asserted that the Court erred in using the petitioner's juvenile convictions to determine his criminal history category. The petitioner filed a <u>pro se</u> supplemental brief raising the same issue and arguing that the drug quantity attributable to him at sentencing was unreliable, and the court erred in enhancing his sentence for possession of a firearm. By decision dated August 21, 2002, the appeal was dismissed as being barred by the waiver of appellate rights contained in the plea agreement. Further, as required by <u>Anders</u>, the Fourth Circuit found no meritorious issues for appeal.

### E. Federal Habeas Corpus

In his §2255 motion, the petitioner alleges that his attorney was ineffective for the following reasons:

(1) present evidence of other witnesses, especially from the grand jury, that would have contradicted the evidence relied upon by the statement given to the probation. These statements were unreliable and untruthful.

(2) present evidence of other witnesses, especially from the grand jury that would have established that the petitioner did not possess a firearm and that the enhancement/adjustment for carrying a firearm was not based upon reliable or accurate information.

(3) provide evidence or make [an] argument that the petitioner could not be held responsible for juvenile adjudications because petitioner did not receive a sentence for those offenses and was never committed to a prison and therefore probation could not have been violated, because the sentence could never have been counted in the first place.

### F. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied.

### III. ANALYSIS

### A. Waiver.

Waiver of appellate rights in a plea agreement is generally valid. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Likewise, "[w]aiver of collateral attack rights brought under §2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); see also United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) and Butler v. United States,

173 F. Supp. 2d 489 (E.D. Va. 2001). The Fourth Circuit has not addressed waiver of the right to collaterally attack a sentence but has held regarding the waiver of the right to appeal that certain claims are excepted from the waiver. Specifically, claims of sentences in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor, United States v. Marin, 961 F.2d 493 (4th Cir.1992), claims for ineffective assistance of counsel during the plea or following entry of the plea, and claims challenging the voluntariness of the plea are not barred by the waiver. Attar, 38 F. 3d at 731-33. See also Butler, 173 F. Supp. 2d at 494.

**B. Ineffective Assistance of Counsel.**

With regard to claims of ineffective assistance of counsel, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Further, a defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden regarding the prejudice prong: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

5

on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

The petitioner has not met this heightened standard as he has not asserted that but for his attorney's alleged errors he would have gone to trial. Nor has the petitioner met the Strickland standard.

### 1. Relevant Conduct

The petitioner alleges that he was not responsible for 350 grams of cocaine base and that the evidence used to determine his relevant conduct was unreliable. He further asserts that his attorney failed to counter the unreliable evidence and also told him he would be sentenced to no more than five years.

First, the Fourth Circuit found that the petitioner's argument that unreliable evidence was used to determine his relevant conduct was without merit. Further, at the sentencing hearing, the petitioner's attorney was prepared to cross-examine numerous witnesses in support of the petitioner's objections to the relevant conduct determination. However, after being advised by the Court that he could face a greater sentence if testimony revealed that he was responsible for more drugs than was stated in the stipulation, he decided not to proceed with having his witnesses testify.

Additionally, during the plea hearing, the petitioner stated that no one had predicted his sentence or promised him a specific sentence. Further, during the sentencing hearing, the petitioner never indicated that his attorney told him he would receive a five year sentence.

The allegations do not support a conclusion that petitioner's attorney was ineffective regarding the handling of the relevant conduct amount.

## 2. Firearm Enhancement.

The petitioner's claim that his attorney was ineffective for failing to present evidence regarding a firearm is without merit because the Court did not impose a firearm enhancement. See Sentencing Transcript p. 22.

## 3. Juvenile adjudications.

The petitioner asserts his attorney was ineffective regarding the calculation of his criminal history. U.S.S.G. §4A1.2(d) provides as follows:

> **(d) Offenses Committed Prior to Age Eighteen**
>
> **(1)** If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
>
> **(2)** In any other case,
>
> **(A)** add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
>
> **(B)** add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

The petitioner argues that he was never sentenced or convicted because he was "placed in a program and never placed in jail or juvenile detention." Thus, he asserts he should not have been given any criminal history points for his juvenile adjudications. This issue was raised before the Fourth Circuit which found no meritorious claims.

The petitioner further asserts that no points could be added for probation encroachment. However, the Court determined that the petitioner should not receive two criminal history points for being on probation at the time of the offense. Thus, this claim is without merit.

### D. Motion to Amend/Blakely Claim

On July 2004, the petitioner filed a Motion for Leave to Amend 28 U.S.C. §2255 Habeas Corpus Petition in which he asserts his sentence must be vacated pursuant to Blakely v. Washington, ___ U.S. ___ (2004).

First, the undersigned recommends that the petitioner's motion to amend be granted. Second, the undersigned finds that the petitioner's Booker claims are not timely under 28 U.S.C. §2255(3).

28 U.S.C. §2255(3) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The undersigned finds that Booker does not apply retroactively to cases on collateral review. Prior to deciding Booker, the Supreme Court decided Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004) which holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ___, 124 S.Ct. at 2537 (citations omitted).

In Booker, the Supreme Court held that Blakely applies to federal sentencing guidelines. Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part

8

of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

However, the United States Supreme Court addressed the question of retroactivity regarding cases on collateral review, such as a §2255 motion, in Teague v. Lane, 489 U.S. 288 (1989). In Teague, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari had elapsed." Id. at 295.

In the instant case, at the time the Supreme Court issued the Booker decision, the petitioner's conviction was final. Thus, the undersigned must determine whether Booker applies retroactively to the petitioner's §2255 motion. The undersigned finds that a decision from the Western District of Virginia, Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004), is instructive on the retroactivity issue. In Lilly, the district court addressed the retroactivity of Blakely and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases on collateral review. In reaching this determination, the Lilly court stated as follows:

> In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague at 308, 109 S.Ct. 1060

9

(noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").

In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Id. at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following Apprendi that it was not obvious that Apprendi required that sentencing enhancements, like those in the case at bar or in Blakely, must be found beyond a reasonable doubt by a jury. . . .It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under Teague.

Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, ___ U.S. ___, ___, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, see id., or show that the new rule is a "watershed rule[ ] of criminal procedure." Id. at 2523 (internal quotation reference omitted).

In Summerlin, the Court found that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended Apprendi to aggravating factors in capital cases, was a new procedural rule and was not retroactive. ___ U.S. at ___ 124 S.Ct. at 2526-27. A similar analysis dictates that Blakely announced a new procedural rule and is similarly non-retroactive.

In determining if a rule is substantive, a court must look for evidence that the rule "alters the range of conduct or the class of persons that the law punishes." Id. at 2523. The decision in Blakely did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in Blakely. Therefore, Blakely announced a new procedural rule.

\* \* \*

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal Teague rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ___ U.S. at ___, 124 S.Ct. at 2524 (internal quotation reference omitted). Under Teague, this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." Teague, 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). . . .

In Summerlin, the Court determined that the watershed question in Ring was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ___ U.S. at ___, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court

10

answered this question in the negative in its analysis of Ring. Id. The main difference between Ring and Blakely in this regard is the fact that Ring only dealt with the factfinder, while Blakely deals with both the factfinder and the standard of proof. Therefore, I must also determine whether or not the standard of proof in Blakely implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that Ring is not retroactive is particularly instructive in analyzing Blakely because both Ring and Blakely are extensions of Apprendi. In fact, Ring and Apprendi are so closely related that Justice O'Connor opined that the Court's holding in Summerlin that Ring was not retroactive, applied even more strongly to Apprendi. See Blakely v. Washington, --- U.S. at ----, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that Apprendi did not apply retroactively to cases on collateral review. [footnote omitted].

***

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Graham v. Collins, 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the Court decided Teague in 1989. See United States v. Mandanici, 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which the Supreme Court declined to find retroactivity). For these reasons, I find that Blakely is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure. This holding is in line with other federal district courts that have addressed this issue. Therefore, even assuming that Blakely invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

Id. at 536-539). See also, See also, Varela v. United States, 400 F. 3d 864 (11th Cir. 2005)(relied on Schiro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519 (2004) to determine that Booker does not apply retroactively); In re Anderson, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review); United States v. Price, 2005 WL 535361 (10th Cir. 2005)(Booker is a new procedural rule which does not apply retroactively); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005)(Booker does not apply retroactively to initial §2255 motions

as it is not a watershed rule of criminal procedure); Humphress v. United States, 2005 WL 433191 (6th Cir. 2005)(Booker is a new procedural rule which does not fall within the Teague exceptions to the nonretroactivity rule); Guzman v. United States, ___ F. 3d ___, 2005 WL 803214 (2d Cir. 2005)(Booker established a new rule, but the new rule is not substantive and is not a watershed rule of procedure); Quiron v. United States, 2005 WL 83832 (D. Me January 14, 2005)(citing Lilly and finding Booker does not apply retroactively); Rucker v. United States, 2005 WL 331336 (D. Utah 2005); United States v. Johnson, 353 F. Supp. 2d 656 (E.D. Va. 2005)(the petitioner's §2255 motion may be dismissed as untimely because Booker does not apply retroactively to collateral review).

However, in United States v. Siegelbaum, 2005 WL 196526 (D. Or. 2005), Judge Panner of the United States District Court for the District of Oregon could not "exclude the possibility that the Court might apply Blakely/Booker retroactively in some situations." According to Judge Panner, Summerlin did not foreclose the retroactive application of Booker because Summerlin "addressed only the allocation of factfinding responsibility between the judge and jury. There is a second component to Blakely/Booker that Schiro did not address, namely, that facts used to enhance a sentence, if not admitted, must be proved beyond a reasonable doubt rather than by a preponderance of the evidence." Judge Panner seems to opine that under Supreme Court precedent, In re Winship, 397 U.S. 358, 363 (1970), Ivan V. v. City of New York, 407 U.S. 203, 205 (1972), and Hankerson v. North Carolina, 432 U.S. 233 (1977), and the opinions of five of the Supreme Court justices, that the reasonable doubt standard applies to sentence enhancements, and thus, the application of the reasonable doubt standard would require retroactive relief. However, Judge Panner did not decide the retroactivity issue.

Despite Judge Panner's thoughts on retroactivity, the undersigned finds that based on

Summerlin, Lilly, and McReynolds, Booker, as an extension of the reasoning in Apprendi, should also be barred from retroactive application on collateral review in a §2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001). The Fourth Circuit has not limited Tyler to 2244(b)(2)(A) issues and has extended its reasoning to initial §2255 motions, as well. See San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002); See also Beamon v. United States, 189 F.Supp.2d 350 (E.D.Va.2002)(applying Tyler to discussion of whether Apprendi applies retroactively to initial §2255 motion).

Accordingly, based on the reasoning in Tyler, Dove, and Beamon, the undersigned recommends that Booker be disallowed from retroactive application on collateral review, and that the petitioner's Blakely/Booker claim be denied.

**E. Evidentiary Hearing.**

Montgomery seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Montgomery's motion and the Government's response conclusively establish that Montgomery is entitled to no relief. Thus, he is not entitled to an evidentiary hearing.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order GRANTING the petitioner's motion to amend and DENYING the §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

Dated: April 25, 2005

/s John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE